UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN ASHBY,<br><br>        Plaintiff,<br><br>v.<br><br>KLINKHAMMER,<br><br>        Defendant. | Civil No. 07-4043 (DSD/JJG)<br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that the action be dismissed without prejudice.

**I. BACKGROUND**

Plaintiff alleges that in April 2006, he was stopped by a sheriff's deputy near Kenosha, Wisconsin, while he was driving from New York to Minnesota. The deputy, identified only as "Klinkhammer," first asked Plaintiff a number of questions, and then eventually asked whether he could search Plaintiff's car. When Plaintiff refused, Klinkhammer called for a canine unit. Plaintiff waited at the scene, and a canine unit later arrived. A dog searched the car for narcotics, but found nothing illegal.

Klinkhammer then gave Plaintiff a ticket for "unsafe lane deviation," and threatened to take Plaintiff into custody if he did not immediately pay a fine in the amount of $160.80. Although Plaintiff did not have sufficient cash to pay the fine that was demanded, he ultimately

made a bail/bond arrangement, and was allowed to proceed to Minnesota. Plaintiff later contested the traffic ticket in a Kenosha County court, and the matter was dismissed.

Plaintiff is now attempting to sue Klinkhammer for allegedly violating his federal constitutional rights during the course of the 2006 Wisconsin traffic stop, and the ensuing search of his car. He claims that he has suffered significant anguish, expense and inconvenience as a result of the incident described in his complaint. Plaintiff is seeking a judgment against Defendant Klinkhammer for compensatory and punitive damages.

According to the complaint, Plaintiff is a New York resident, but he is presently living in Minnesota. Defendant Klinkhammer, however, apparently resides in Wisconsin. Furthermore, it clearly appears that all of the events on which Plaintiff's claims are based occurred wholly in the State of Wisconsin. It is therefore necessary and appropriate for the Court to consider whether there is any proper basis for exercising personal jurisdiction over Defendant Klinkhammer here in the District of Minnesota.

## II. DISCUSSION

A two-step analysis is used to determine whether a court can properly exercise personal jurisdiction over a defendant. Northrup King v. Compania Productora Semillas, 51 F.3d 1383, 1387 (8th Cir. 1995). First, the court must consider whether personal jurisdiction can properly be exercised under the state law of the forum state; more specifically, whether jurisdiction exists under the state's "long-arm statute." Id. "Second, the court's exercise of jurisdiction must be consistent with the due process clause of the Fourteenth Amendment." Id. "Minnesota [state] courts have concluded that if a non-resident's contacts with [the] State satisfy due process, the Minnesota long-arm statute also is satisfied." Id. The dispositive

issue, therefore, is whether this Court can exercise personal jurisdiction over the named Defendant without violating the protections afforded by the due process clause.

"Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice." Id., citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The plaintiff must demonstrate that the non-resident defendant has had sufficient contacts with the forum state such that the defendant "'should reasonably anticipate being haled into court there.'" Northrup King, 51 F.3d at 1387, citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 297 (1980).

In this case, the complaint does not describe any contact or connection of any kind between Defendant Klinkhammer and the State of Minnesota. Therefore, the Court can find no proper basis for exercising personal jurisdiction over the only named Defendant in this action.

When an IFP applicant's complaint does not include any allegations supporting personal jurisdiction, the court may properly conclude, sua sponte, that the action should be summarily dismissed. Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985); see also, Martin-Trigona v. Smith, 712 F.2d 1421, 1424 (D.C.Cir. 1983). In the alternative, the Court may find that the action should be transferred to a district where personal jurisdiction might exist, pursuant to 28 U.S.C. § 1631.

Section 1631 provides that "[w]henever a civil action is filed in a court... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action... to any other such court in which the action... could have been brought at the time it was filed." A transfer under § 1631, rather than dismissal, is appropriate "when a plaintiff

in good faith filed in the wrong court and the statute of limitations would have run before he could refile properly." Gunn v. United States Dep't of Agriculture, 118 F.3d 1233, 1240 (8th Cir. 1997), cert. denied, 522 U.S. 1111 (1998), citing In re Apex Oil Co., 884 F.2d 343, 346 (8th Cir. 1989); Hempstead County and Nevada County Project v. United States E.P.A., 700 F.2d 459, 463 (8th Cir. 1983).  Thus, in order to determine whether the "interests of justice" require that a case be transferred, rather than dismissed, a court must consider whether dismissal of the action will affect the plaintiff's vulnerability to a statute of limitations defense. If the plaintiff can still refile his action in a proper court before the statute of limitations expires, then a transfer pursuant to § 1631 is unnecessary, and the case can simply be dismissed. Gunn, 118 F.3d at 1240 (transfer pursuant to § 1631 not required where Plaintiff could still bring a timely action in a proper court); cf. Gray v. Lewis & Clark Expeditions, Inc., 12 F. Supp.2d 993, 999 (D.Neb. 1998) (case transferred to court that had personal jurisdiction where it appeared that the statute of limitations expired shortly after the case was filed in the transferor court).

In this case, Plaintiff's claims are based on events that allegedly occurred less than two years ago.  Plaintiff has not suggested, and the Court finds no reason to believe, that any of Plaintiff's claims is subject to a statute of limitations deadline that will expire in the near future. The statute of limitations for civil rights actions brought in Wisconsin apparently is six years. See Miles v. Trempealeau County, 204 Fed.Appx. 570, 572 (7th Cir. 2006) ("[w]hile 42 U.S.C. § 1983 does not contain an express statute of limitations, a federal court must adopt the forum state's limitation period for personal injury claims and the correct statute of limitations for claims filed in Wisconsin is six years, as set forth in Wis. Stat. § 893.53").  It therefore appears that the statute of limitations for Plaintiff's current claims has not yet expired, and will not expire

in the near future. Thus, the Court concludes that it would be preferable to dismiss this action, rather than transfer it to another district pursuant to § 1631.

## III. CONCLUSION

For the reasons discussed above, the Court will recommend that this action be summarily dismissed for lack of personal jurisdiction over the only named Defendant. It will be recommended that the action be dismissed without prejudice, so that Plaintiff will be free to file a new complaint in a court that could exercise personal jurisdiction over the named Defendants, (presumably a federal or state court in Wisconsin). Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's IFP application be denied. See Sanders, supra; see also 28 U.S.C. § 1915(e)(2)(B)(ii) (providing for dismissal of IFP cases where the complaint fails to state an actionable claim).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be dismissed without prejudice.

Dated: September 25, 2007                                    s/Jeanne J. Graham

 JEANNE J. GRAHAM
 United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by October 15, 2007. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall

operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.